JOURNAL ENTRY and OPINION
{¶ 1} Appellants Ross and Rebecca Duman appeal the trial court's denial of their motion to appeal de novo an arbitration award in favor of appellees Leland and Margaret Campbell, Mary Weir, and Realty One (collectively referred to as "Realty One"). The Dumans assign the following error for our review:
"I. The trial court erred by denying Appellants leave to file theirnotice of appeal from the award of the arbitration panel."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} In August 1997, the Dumans purchased a home from the Campbells. The home had been listed with agent Mary Weir of Realty One. Shortly after moving into the house, the Dumans discovered significant water damage between the first and second floor bathrooms and water seepage and damage in the basement.
 {¶ 4} The Dumans filed suit against the Campbells, Weir, and Realty One, and alleged that the Campbells and Weir had fraudulently and intentionally misrepresented the true condition of the water problems in the home. The trial court granted summary judgment in favor of the Campbells, Weir, and Realty One. The Dumans appealed. This court affirmed the summary judgment as to the damage between the first and second floor bathrooms, but reversed and remanded the trial court's judgment as to the basement water problem.[1]
 {¶ 5} On October 7, 2003, the trial court conducted a pretrial and referred the matter to arbitration. The trial court ordered that the arbitration hearing occur within ninety days from the date of the referral.
 {¶ 6} On December 22, 2003, neither the Dumans nor their counsel, Edward Heben, appeared at the arbitration hearing. The arbitrators found in favor of Realty One, stating: "Plaintiffs and their attorney failed to attend the arbitration. Testimony was presented by all defendants. We find for defendants and against plaintiffs." The arbitration panel filed their report four days later.
 {¶ 7} On January 23, 2004, the Dumans filed a motion for leave to file an appeal de novo from the arbitration award. In the motion, attorney Heben stated his firm was experiencing significant ongoing problems with its mail delivery. Many items were received weeks after the postmarked date, and Heben frequently received mail addressed to other businesses in the area. Heben contended he never received notice of the hearing. He learned that the hearing had taken place when he received a copy of the arbitrator's report, almost a month later. Both Heben and his secretary filed affidavits in support of these allegations.
 {¶ 8} Realty One filed a motion in opposition, which urged that attorney Heben was informed by telephone of the hearing and a message was left on the firm's answering machine. After waiting a half-hour, the hearing commenced. Prior to receiving the evidence, the arbitration chairman, Walter Krohngold, disclosed he had received a phone call from attorney Heben requesting a continuance several days prior to the hearing. Krohngold stated that he advised Heben that a continuance beyond the ninety days could not be granted without consent from the trial judge. Therefore, no continuance was granted. Realty One attached an affidavit from Krohngold attesting to this occurrence. Realty One thus contended that attorney Heben received notice because he took affirmative steps to continue the hearing.
 {¶ 9} Heben filed a reply brief; he conceded it was possible that notice was received by his office, but that during the month of November a temporary secretary was substituting for his permanent secretary. The permanent secretary did not remember the notice of arbitration, but speculated that the temporary employee received the notice and she attempted to reschedule the hearing with Chairman Krohngold. Although the permanent secretary did not recall the event, she conceded she may have directed the temporary worker to request a continuance. The hearing was never placed on the firm's master calendar. The secretary also attested in her affidavit that the telephone call to Chairman Krohngold must have been made more than a few days prior to the hearing. She recalled she was in the office the week prior to the hearing and she did not make the phone call. Additionally, she stated Heben was out of town at that time.
 {¶ 10} Attorney Heben submitted another affidavit from Chairman Krohngold; Krohngold stated he did not know who had called him from Heben's office and could not recall the date when he received the call. He remembered speaking to someone from the office who had sought to continue the hearing beyond January 7, 2004.
 {¶ 11} Te trial court denied the Dumans' motion to appeal de novo. The Dumans now appeal.
 {¶ 12} In their sole assigned error, the Dumans contend that the trial court abused its discretion by denying their motion to appeal because they showed "good cause" as required under Local Rule 29 Part (V)(B). We disagree.
 {¶ 13} Local Rule 29 Part (V)(B) states, in substance, failure to appear at the arbitration proceedings constitutes a waiver of an appeal de novo to the trial court. However, in its discretion and for good cause shown, the trial court may grant leave to file an appeal de novo to the party who failed to appear and participate.
 {¶ 14} An abuse of discretion occurs when a court dismisses a case for a "minor, technical, correctable, inadvertent violation of a local rule" and refuses to reinstate the case.[2] As the Ohio Supreme Court observed in DeHart v. Aetna Life Ins. Co.:[3]
 "[T]he local rules must encourage promptness and efficiency, on the onehand, and fairness and justice on the other. Fairness and justice arebest served when a court disposes of the case on the merits. Only aflagrant, substantial disregard for the court rules can justify adismissal on procedural grounds. Local rules, at any level of our statecourt system, should not be used as a judicial mine field, with disasterlurking at every step along the way."[4]
 {¶ 15} The implication of Local Rule 29 and ensuing case law, is that if notice is given regarding the arbitration date, and a party fails to attend, this constitutes a flagrant disregard of the local rule. Here, the evidence showed attorney Heben's office received notice and someone from his office attempted to continue the hearing.
 {¶ 16} Consequently, the burden rested on attorney Heben to establish a good cause to avoid the penalty of the local rule. Attorney Heben explained that a temporary employee must have caused the problem. The trial court in its discretion found this explanation wanting, especially in light of attorney Heben's initial explanation, which was that he never received notice.
 {¶ 17} Thus, based on the record before us, we conclude the trial court did not abuse its discretion in denying the Dumans' appeal de novo. An abuse of discretion is more than an error of law or judgment; it implies that the court acted in an unreasonable, arbitrary, or unconscionable fashion.[5] If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion.[6] In the instant case, there existed sufficient competent, credible evidence that Heben received notice of the arbitration hearing and the trial court found his explanation wanting. Accordingly, the Dumans' sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Karpinski, J., concur.
[1] Duman, et al. v. Campbell, et al., Cuyahoga App. No. 79858, 2002-Ohio-2253.
[2] DeHart v. Aetna (1982), 69 Ohio St.3d 189, at syllabus.
[3] Id. at 192-93.
[4] Id. at 193.
[5] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[6] Ross v. Ross (1980), 64 Ohio St.2d 203.